**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 13-4821**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARLOS ALBERTO CONTRERAS-DIAZ,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:13-cr-00072-PJM-1)

———————————

Submitted: July 24, 2014          Decided: July 28, 2014

———————————

Before FLOYD and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William L. Welch, III, Baltimore, Maryland, for Appellant. Leah Bressack, Assistant United States Attorney, Greenbelt, Maryland, Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Alberto Contreras-Diaz pled guilty pursuant to a plea agreement to unauthorized re-entry of a deported alien, in violation of 8 U.S.C. §§ 1326(a), (b)(2) (2012). Contreras-Diaz's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asking this court to conduct an independent review of the record. Counsel nonetheless suggests that Contreras-Diaz received ineffective assistance of counsel when trial counsel recommended he plead guilty to re-entry even though Contreras-Diaz previously applied for asylum and was allegedly not advised about the possibility of deportation when he pled guilty to the state offense that triggered his initial deportation. Counsel has also filed a motion to withdraw as Contreras-Diaz's counsel. The Government has declined to file a responsive brief and Contreras-Diaz has not filed a pro se supplemental brief, despite receiving notice of his right to do so. Finding no error, we affirm.

After a review of the record, we find counsel's ineffective assistance of counsel claim inappropriate for resolution on direct appeal. Because the record does not conclusively establish ineffectiveness of counsel, Contreras-Diaz must assert such a claim, if at all, in a motion pursuant

2

to 28 U.S.C § 2255 (2012).[*]  See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); see also Chaidez v. United States, 133 S. Ct. 1103 (2013).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we deny counsel's motion to withdraw from representation and affirm the district court's judgment.  This court requires that counsel inform Contreras-Diaz, in writing, of his right to petition the Supreme Court of the United States for further review.  If Contreras-Diaz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Contreras-Diaz.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] We intimate no view as to the validity or lack of validity of such a claim.

3